1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN GILBERT MENDOZA,                  No.  2:24-cv-0816 CKD P

12                  Plaintiff,

13        v.                                ORDER

14   G. MATTESON, et al.,

15                  Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

18   1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

19   636(b)(1).

20        Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

21   declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

22   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

                                       1

1    The court is required to screen complaints brought by prisoners seeking relief against a

2    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

3    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

4    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

5    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

6    To avoid dismissal for failure to state a claim a complaint must contain more than "naked

7    assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

8    action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

9    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

10   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

11   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

12   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

13   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

14   at 678.  When considering whether a complaint states a claim upon which relief can be granted,

15   the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and

16   construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

17   U.S. 232, 236 (1974).

18   The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon

19   which relief can be granted under federal law.  Plaintiff's complaint must be dismissed.  The

20   court will, however, grant leave to file an amended complaint.

21   Plaintiff complains about conditions of confinement. Under the Eighth Amendment,

22   prison officials have a duty to protect prisoners from harmful conditions of confinement. See

23   Farmer v. Brennan, 511 U.S. 825, 833 (1994).  A prison official may be held liable for subjecting

24   an inmate to harmful conditions of confinement if an inmate suffers a sufficiently serious injury,

25   and the prison official was deliberately indifferent to the risk of harm.  Id. at 834, 837.  The

26   relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a

27   prisoner to a sufficiently substantial risk of serious damage to his future health."  Id. at 834

28   (internal quotation omitted).

Plaintiff is informed that there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976).  Plaintiff must allege that he suffered an actionable injury as a direct result of either the actions or inactions of a defendant before he will be allowed to proceed on a claim against a defendant.

Plaintiff complains about the grievance process at his prison. Prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Accordingly, the prison grievance procedure does not confer any substantive constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under section 1983.  Id.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."  Failure to file an

/////

/////

/////

/////

3

amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  April 10, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/kly
mend0816.14