UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GILBERT MENDOZA, | No. 2:24-cv-0816 CKD P |
| Plaintiff, | |
| v. | ORDER |
| G. MATTESON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983 against employees of the California Department of Corrections and Rehabilitation (CDCR). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). On April 10, 2024, the court dismissed plaintiff's complaint with leave to amend. Plaintiff has now filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

Plaintiff asserts that in his housing unit at California State Prison, Solano, he is subjected to lighting which has a strobing effect due to fans which apparently spin beneath the lights.

Plaintiff asserts the strobing effect has caused him to suffer for years dealing with dizziness, nausea and headaches. ECF No. 9 at 5. Plaintiff has complained about the lighting to no avail. On December 21, 2021, plaintiff was informed by defendant Tyler that the issue with the lighting in plaintiff's housing unit would not be addressed. Defendant Tyler suggested that plaintiff seek medical attention.

On February 6, 2022, plaintiff sought medical attention for sporadic dizziness, nausea and headaches. Plaintiff was seen by a medical professional 16 days later and was prescribed ibuprofen and meclizine, is an antihistamine used for the symptomatic management of motion sickness.[1] Plaintiff had a follow up appointment pursuant to a request he made on April 23, 2022. Plaintiff's blood was drawn, he was scheduled to visit an ophthalmologist, and was prescribed duloxetine, an antidepressant, and nerve pain medication.[2] Plaintiff does not indicate whether or to what degree the medication has been effective.

Plaintiff seeks damages and injunctive relief in the form of removal of the strobing effect of the lights in his unit.

Under the Eighth Amendment, prison officials have a duty to protect prisoners from harmful conditions of confinement. See Farmer v. Brennan, 511 U.S. 825, 833 (1994). A prison official may be held liable for subjecting an inmate to harmful conditions of confinement if an inmate suffers a sufficiently serious injury, and the prison official was deliberately indifferent to the risk of harm. Id. at 834, 837. The relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." Id. at 834 (internal quotation omitted).

Plaintiff has failed to allege that any defendant was at least deliberately indifferent to a substantial risk of harm to plaintiff. With respect to most of the defendants, plaintiff asserts that he complained about the strobing effect, but does not relate whether or not he reported that the lights were causing him serious problems. It does appear that plaintiff complained to defendant

---

[1] The court takes judicial notice of this fact pursuant to Federal Rule of Evidence 201.

[2] The court takes judicial notice of this fact pursuant to Federal Rule of Evidence 201.

Tyler that he was feeling disoriented, but plaintiff does not point to anything suggesting Tyler's response to plaintiff that he should seek medical attention failed to satisfy the Eighth Amendment.

For these reasons, plaintiff fails to state a claim upon which relief can be granted. The court will recommend that plaintiff's amended complaint be dismissed. Plaintiff will be granted one final opportunity to state a claim upon which he might proceed in a second amended complaint.

Apart from the issues above, it does not appear that plaintiff has requested a transfer to a housing unit without the lighting issues. It appears that plaintiff wishes to remain in his unit but have the lighting replaced. However, plaintiff does not have a right to reside in a particular housing unit or even a particular prison. To state a claim under the Eighth Amendment with respect to the lighting in his housing unit, plaintiff would have to show that he has been refused a transfer to a unit with acceptable lighting.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: October 2, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
mend0816.14(2)

3