UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN GILBERT MENDOZA,

Plaintiff,

v.

G. MATTESON, et al.,

Defendants.

No. 2:24-cv-0816-TLN-CKD P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983 against employees of the California Department of Corrections and Rehabilitation (CDCR). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). On October 2, 2024, the court dismissed plaintiff's amended complaint with leave to amend. Plaintiff has now filed a second amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

As in his amended complaint, plaintiff asserts that in his housing unit at California State Prison, Solano, he is subjected to lighting which has a strobing effect due to fans which

apparently spin beneath the lights. Plaintiff asserts the strobing effect has caused him headaches, sleep deprivation and disorientation. ECF No. 16 at 6. Plaintiff has complained about the lighting to no avail. On December 15, 2021, plaintiff was informed by defendant Tyler that the issue with the lighting in plaintiff's housing unit would not be addressed. Defendant Tyler suggested that plaintiff seek medical attention. Id. at 7.

On February 6, 2022, plaintiff sought medical attention. Plaintiff was seen by a medical professional 16 days later and was prescribed ibuprofen and meclizine; an antihistamine used for the symptomatic management of motion sickness.[1] Id. Plaintiff had a follow up appointment. Plaintiff's blood was drawn, he was scheduled to visit an ophthalmologist, and was prescribed duloxetine, an antidepressant, and nerve pain medication.[2] Id. Plaintiff asserts Duloxetine eases the effects of the strobe lights, but he still seeks psychological counseling. Id. at 8.

Plaintiff seeks damages and injunctive relief in the form of removal of the strobing effect of the lights in his unit.

Under the Eighth Amendment, prison officials have a duty to protect prisoners from harmful conditions of confinement. See Farmer v. Brennan, 511 U.S. 825, 833 (1994). A prison official may be held liable for subjecting an inmate to harmful conditions of confinement if an inmate suffers a sufficiently serious injury, and the prison official was deliberately indifferent to the risk of harm. Id. at 834, 837. The relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." Id. at 834 (internal quotation omitted).

Plaintiff has failed to allege that any defendant was at least deliberately indifferent to a substantial risk of harm to plaintiff. With respect to most of the defendants, plaintiff asserts that he complained about the strobing effect, but does not relate whether or not he reported that the lights were causing him serious problems. It does appear that plaintiff complained to defendant

/////

---

[1] The court takes judicial notice of this fact pursuant to Federal Rule of Evidence 201.

[2] The court takes judicial notice of this fact pursuant to Federal Rule of Evidence 201.

Tyler that he was feeling disoriented, but plaintiff does not point to anything suggesting Tyler's response to plaintiff that he should seek medical attention failed to satisfy the Eighth Amendment.

Also, it does not appear that plaintiff ever sought transfer to a different housing unit, a seemingly appropriate and straightforward remedy to plaintiff's problem. Plaintiff does not have a constitutional right to remain in the housing facility of his choosing.

For these reasons, plaintiff fails to state a claim upon which relief can be granted. Since the allegations in plaintiff's second amended complaint are essentially the same as those presented in his amended complaint even though the court provided plaintiff with guidance as to how he might state a claim upon which he can proceed, granting leave to file a third amended complaint appears futile.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's second amended complaint be dismissed; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 20, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
mend0816.fnrs