1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN GILBERT MENDOZA,                       No.  2:24-cv-0816 TLN CKD P

12                 Plaintiff,

13          v.                                    FINDINGS AND RECOMMENDATIONS

14   G. MATTESON, et al.,

15                 Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

18   1983 against employees of the California Department of Corrections and Rehabilitation (CDCR).

19   This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20   Plaintiff's third amended complaint (ECF No. 21) is before the court for screening.

21          The court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

23   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25   monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

26          Plaintiff's allegations in his third amended complaint are mostly the same as those made

27   in his other pleadings.  He complains about lights in his housing unit at California State Prison,

28   Solano (CSP, Solano).   He says the lights have a strobing effect causing him, among other things,

                                                  1

1    dizziness, nausea, and headaches.  Plaintiff identifies two defendants:  G. Matteson, a former

2    warden, and T. Tyler, a former chief deputy warden.

3         Under the Eighth Amendment, prison officials have a duty to protect prisoners from

4    harmful conditions of confinement under their responsibility not to inflict cruel and unusual

5    punishment. See Farmer v. Brennan, 511 U.S. 825, 833 (1994).  A prison official may be held

6    liable for subjecting an inmate to harmful conditions of confinement if an inmate suffers a

7    sufficiently serious injury, and the prison official was deliberately indifferent to the risk of harm.

8    Id. at 834, 837.  The relevant inquiry is whether prison officials, "acting with deliberate

9    indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future

10   health."  Id. at 834 (internal quotation omitted).  "The Constitution does not mandate comfortable

11   prisons, but neither does it permit inhumane ones."  Id. at 832 (Internal quotations and citations

12   omitted.)

13        With resect to defendant Matteson, plaintiff fails to point to any facts suggesting he was

14   aware of plaintiff's issues with the lighting.  Additionally, there is no respondeat superior liability

15   under 42 U.S.C. § 1983; there can be no liability under 42 U.S.C. § 1983 unless there is some

16   affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo

17   v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official

18   participation in civil rights violations, e.g. wardens are liable because they are in charge, are not

19   sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Plaintiff does not state a

20   claim against defendant Matteson and there is no reason to believe he can.

21        As for defendant Tyler, plaintiff alleges Tyler denied a request made in a prisoner

22   grievance that the lighting situation in his housing unit be addressed.  Tyler indicated the lighting

23   situation would not be changed.

24        When the court screened plaintiff's second amended complaint, the court noted that

25   plaintiff did not allege that he ever sought transfer to a different location in CSP, Solano and that

26   plaintiff does not have a Constitutional right to remain in a housing facility of his choosing.  ECF

27   No. 18 at 3.  In his third amended complaint, plaintiff alleges that all of the lights in all of the

28   housing units at CSP, Solano have the same effect on him, rendering any request for a transfer a

                                          2

1    waste of time.  These allegations are not facially plausible.  See Bell Atlantic Corp. v. Twombly,

2    550 U.S. 544, 570 (2007) (a claim upon which the court can grant relief has facial plausibility).

3    Even if there was validity to the allegations, plaintiff does not indicate that he has ever sought

4    transfer to a different facility, including one of the CDCR medical facilities.  Further, plaintiff has

5    no right to be housed at any particular CDCR facility.  Meachum v. Fano, 427 U.S. 215, 224

6    (1976).  Assuming the lights in plaintiff's housing unit are causing plaintiff problems, nothing

7    suggests plaintiff is being or ever has been forced to remain there.

8         For these reasons, plaintiff third amended complaint should be dismissed for failure to

9    state a claim upon which relief can be granted.  The court has granted plaintiff three attempts to

10    state a claim upon which he can proceed.  There is not good cause to grant a fourth attempt.

11         In accordance with the above, IT IS HEREBY RECOMMENDED that:

12         1. Plaintiff's third amended complaint be dismissed for failure to state a claim upon which

13    relief can be granted; and

14         2. This case be closed.

15         These findings and recommendations are submitted to the United States District Judge

16    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

17    after being served with these findings and recommendations, plaintiff may file written objections

18    with the court. The document should be captioned "Objections to Magistrate Judge's Findings

19    and Recommendations." Plaintiff is advised that failure to file objections within the specified

20    time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th

21    Cir. 1991).

22    Dated:  September 10, 2025

23    _____
       CAROLYN K. DELANEY

24    UNITED STATES MAGISTRATE JUDGE

25

26

27    1
     mend0816.frs(2)

28